[Cite as *In Re J.D.*, 2018-Ohio-2789.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

## IN RE: J.D.

## STATE ex rel., C.D.,

Petitioner,

v.

## BELMONT COUNTY JUVENILE COURT,

Respondent.

---

### OPINION AND JUDGMENT ENTRY
### Case No. 18 BE 0029

---

Writ of Prohibition and Mandamus

**BEFORE:**
Kathleen Bartlett, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
DISMISSED

---

*C.D., Pro-se*, 153 South Sugar Street, Apt. 3, St. Clairsville, Ohio 43950, Petitioner and

*Belmont County Juvenile Court, Pro-se*, 101 West Main Street, St. Clairsville, Ohio 43950, Respondent.

Dated: July 5, 2018

**PER CURIAM.**

{¶1} This matter comes before the Court sua sponte on the issue of whether Appellant has properly invoked the jurisdiction of the Court. Movant C.D. has filed a motion to stay ongoing proceedings in the Belmont County Common Pleas Court, Juvenile Division, concerning enforcement of the father's visitation rights with the parties' minor child. She purportedly filed the motion for stay with this Court in anticipation of filing petitions for a writ of prohibition and mandamus to prevent the trial court's enforcement of the father's visitation rights.

{¶2} The trial court adjudicated G.W. as the father of the parties' child. As a result, the court granted G.W. parental rights which included "Option 1" visitation rights. C.D. filed a timely appeal of the trial court's journal/docket entry which this Court affirmed in its entirety in *In re J.D.*, 7th Dist. No. 16 BE 0024, 2017-Ohio-1081. Following this Court's affirmance of the trial court's decision, C.D. thereafter refused to comply with the father's visitation rights. The refusal led to her being found in contempt of court twice.

{¶3} C.D. now seeks a stay pending this Court's decision on petitions for a writ of prohibition and mandamus, neither of which she has filed. She argues the stay is necessary for the child's health and safety, citing the child's severe allergies. The trial court has already denied her motion to stay its proceedings.

{¶4} This Court, as a court of appeals, has two types of jurisdiction: (1) appellate review jurisdiction over final and appealable orders and (2) original jurisdiction over quo warranto, mandamus, habeas corpus, prohibition, and procedendo actions. Ohio Constitution, Article IV, Section 3(B)(2); Ohio Constitution, Article IV, Section 3(B)(2)(a)-(e).

{¶5} Here, C.D. has not taken any steps to properly invoke either type of this Court's jurisdiction. While this Court has authority under the Ohio Rules of Appellate Procedure to grant motions for stay, that ability rests exclusively in the context of pending appeals. App.R. 7(A). There is no pending appeal of any orders relating to the trial court's case in this matter. Although C.D. makes reference to anticipatory petitions

for writs of mandamus and prohibition which this Court, as indicated, has original jurisdiction over, she has not yet filed them. To further elucidate the parameters of this Court's authority to stay proceedings, in the case of an original action currently *pending* before this Court (in which a writ has yet to issue), while we may have the authority to stay the proceedings related to the original action itself, we do not have the authority to consider a stay of the trial court's proceedings that may be directly related to the original action pending before this Court absent a timely appeal of a final appealable order from the trial court to this Court. And in the case of our consideration of a stay of a trial court's proceedings, any stay issued by this Court is confined only to those portions of the trial court's proceedings directly related to the issues raised in the appeal; the trial court retains continuing jurisdiction over all other matters not directly related to the pending appeal.

{¶6} For the reasons set forth above, C.D. has failed to properly invoke this Court's jurisdiction. Consequently, this Court lacks jurisdiction to rule on her motion.

{¶7} Case dismissed. Final order. Costs taxed against C.D.

{¶8} Pursuant to the civil rules, the clerk of courts is instructed to serve copies of this decision and judgment entry, including to C.D., counsel of record, and Judge J. Mark Costine (Belmont County Common Pleas Court, Juvenile Division, Case No. 15 JG 548).

Bartlett, J., concurs.

Donofrio, J., concurs.

Waite, J., concurs.

Case No. 18 BE 0029